, No. 1,456.

## ROBERTS v. TRAMMEL ET AL.

ESTOPPEL.—Married Woman.—Mortgage of Her Property by Her Husband.—A wife is not estopped to claim title to chattels as against one to whom her husband executed a mortgage thereon, for the reason that upon learning that her husband was attempting to mortgage the property she did not seek the mortgagee and assert her title to the property, where it is shown that she did not collude with her husband for the purpose of defrauding the mortgagee.

From the Huntington Circuit Court.

*T. G. Smith,* for appellant.

*Branyan & Branyan* and *J. R. Coppoth,* for appellees.

Ross, C. J.—Appellant brought this action to recover the possession of two horses.

The only ruling assigned as error in this court is, that the court erred in overruling the demurrer to the second paragraph of the answer.

The facts set forth in this answer were pleaded by way of estoppel *in pais.*

There can be no estoppel *in pais* where everything is equally known to both parties, or where the party sought to be estopped was ignorant of the facts out of which his rights sprung, or where the party seeking to conclude him was not influenced by the acts or admissions set up. *Fletcher* v. *Holmes,* 25 Ind. 458; *Greensburgh, etc., Turnp. Co.* v. *Sidcner,* 40 Ind. 424.

In other words, to constitute an estoppel *in pais,* there must be:

1. A representation or a concealment of material facts.

2.    The representations must have been made with full knowledge of the facts.

3.    The party to whom the representations were made, or from whom material facts were withheld, must have been ignorant of the truth of the matter.

4.    The party making the representations, or withholding the facts, must have done so with the intention that the other party should act otherwise than he would did he know the truth.

5.    The other party must have been induced thereby to act.  Bigelow Estoppel, 480; *McGirr* v. *Sell*, 60 Ind. 249; *Long* v. *Anderson*, 62 Ind. 537; *Hosford* v. *Johnson*, 74 Ind. 479.

We deem it unnecessary to decide how far the rule of estoppel *in pais* applies to married women under section 6962, R. S. 1894 (section 5117, R. S. 1881), for the reason that the facts alleged in the answer before us are insufficient to constitute an estoppel *in pais* against any one, whether *sui juris* or not.

It is a rule of equity well founded, that a person is not permitted to keep silent when he should speak, and thereby mislead another to his injury.  *Gregg* v. *Von Phul*, 1 Wall. 274.

As said by the court in *Gregg* v. *Wells*, 10 Ad. & El. 90:  "A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action against the person whom he has himself assisted in deceiving."

Conceding, without deciding, that a married woman may create an estoppel against herself by mere silence at a time when she might speak, and thus prevent her from afterwards speaking and asserting the claim which she might have asserted when she was silent, it can prevail against her only when she withheld the truth for the purpose of misleading, and some one was

induced thereby to act to their injury. The facts alleged in the answer wholly fail to show that she was present, and by her silence permitted her husband to mortgage her personal property to pay his debt. If we were to hold the answer in this case to be sufficient, it would be equivalent to holding that it was her duty to have sought out the appellee Trammel, and informed him of her title, thus shifting the burden of making inquiries as to the ownership of the property from the former to the latter, to see to it that her title was made known.

There can be no estoppel where there is no fraud, and there is no fraud, except false representations have been made, either by the party sought to be estopped, or by another with his knowledge or consent.

"Knowledge is essential on the part of the person sought to be estopped. Where a party is ignorant of his right, and is free from actual fraud or culpable negligence, silence will not estop him, although he may have knowledge of what another is about to do." *Anderson* v. *Hubble*, 93 Ind. 570, and cases cited.

The appellee Trammel was not injured by the appellant's silence. The cancellation of his judgment against appellant's husband, if procured by the fraud of the latter, may be revived. Again, it is not shown that appellant's husband was solvent at the time the judgment was cancelled, although it is alleged that he is now insolvent, and that the debt will be lost unless the property in controversy can be sold to satisfy it.

The payment of the costs by appellee Trammel is no new or additional consideration, for he was primarily liable for them. Having lost nothing by the silence of appellant, appellee is not in a position to complain.

Judgment reversed, with instructions to sustain ap-

pellant's demurrer to the second paragraph of the appellee's answer.

Filed April 10, 1895.

### ON PETITION FOR REHEARING.

ROSS, J.—The appellees urge, with great earnestness, the granting of their motion for a rehearing in this case. They are to be commended for their diligence in collecting the authorities and their presentation of the same, for it has enabled the court to satisfy itself as to the correctness of the holding in the original opinion.

To concede, as correct, the position assumed by the learned counsel for appellee, would be to hold that the appellant is estopped because she did not seek out and convey to the appellee Trammel information of the fact that she was the owner of the property in controversy. This she was not bound to do, even if she knew that her husband was representing that the property belonged to him. There is nothing in the answer to show either that she authorized her husband, or that she even consented that he might turn out her property to satisfy the execution issued on the judgment against him, neither does it appear that she informed the constable, when he came to make the levy, that the horses were her husband's. And, subsequently, when her husband gave the mortgage on the horses, she did not authorize him to do so, neither did she disclaim ownership thereto. The most that can be said, is, that if she knew her rights she remained passive, and took no affirmative steps to inform appellee Trammel that he was accepting a mortgage on property not owned by her husband. Ordinarily, the rule is that one seeking to divest the right or title of another to property must show that the real owner has either parted with his title by rea-

son of his acts, or by his conduct or representations has led another to purchase the property believing that he had no title or interest therein. But if counsel's contention were to prevail, the rule would cast the burden upon the owner to show that he had done nothing to mislead or influence the action of the other party. The rule, on the contrary, is that every man who purchases personal property of another, takes the chances of losing it if he fails to inform himself as to the title of the seller. He it is who must be diligent, and if he fails to make inquiry, and learn whether his grantor has title, when it is within his power to gain the information, he alone must suffer for the neglect. The law, for centuries past, has placed safeguards around married women, and declared their inability to do many things, which, if sole, they would be empowered to do. In recent years, the laws in this State have been more or less changed, so that most of the disabilities of married women are removed. For all that, the law will not permit an unjust advantage to be taken of her where it does not appear that she is fully conversant with her rights. She surely cannot be estopped where the rule would not apply to a man under the same state of facts. In *Alexander* v. *Swackhamer*, 105 Ind. 81, Mitchell J., speaking for the court, says: "To constitute an estoppel, the party sought to be estopped must have designedly done some act, or made some admission, inconsistent with the claim or defense which he proposes to set up, and another must have acted on such admission." If the appellant knew that her husband was mortgaging the property in controversy, and the appellee was ignorant of her ownership, she could not be estopped from asserting her title now, unless it was her duty to inform appellee Trammel of her rights. Of course,

if she authorized her husband to make the mortgage, or colluded with him for the purpose of deceiving or defrauding appellee, she would not be heard to appellee's injury, but she did not give any such consent, nor did she collude with her husband, unless that fact is to be inferred from the mere fact that she did not seek out and inform appellee of her rights. As already stated, no such presumption arises. We think it may safely be said that estoppels are not favored in law, but are applied only when it is clear that an injustice would result to an innocent party, as the result of the negligence of the party to be estopped. The party seeking to invoke the equitable rule of estoppel must show that, as between himself and the person against whom he asks its application, he was himself free from fault. In this case, the appellee, Trammel, did nothing except to rely upon the acts of appellant's husband. He made no inquiry of appellant, and she, neither by act, conduct, nor declaration, induced him to accept from her husband a mortgage on her property.

As stated in the original opinion, the facts alleged in the answer fail to show that the appellee, Trammel, has been in any way injured by either the acts, conduct, or representations of the appellant.

Petition for rehearing overruled.

Filed June 10, 1896.