# WRIGHT *v.* FOX.

[No. 8,058. Filed December 11, 1913. Rehearing denied April 9, 1914. Transfer denied May 20, 1914.]

1. HUSBAND AND WIFE.—*Suretyship of Wife.—Notes.—Validity.*— Promissory notes signed by a married woman apparently as principal, but in fact as surety for her husband, are absolutely void as to her under §7855 Burns 1914, §5119 R. S. 1881, notwithstanding they are in form commercial paper governed by the law merchant and are in the hands of an innocent purchaser for value, unless by the application of estoppel she is precluded from presenting the defense of suretyship. p. 321.

2. APPEAL.—*Assignment of Errors.—Questions Raised.*—The question of plaintiff's right to rely on the estoppel of defendant, a married woman, to assert that she signed the notes sued on as surety, is raised on appeal by plaintiff's assignment of error in

overruling his motion for judgment on the answers to interrogatories, and by the assignment under the motion for new trial, that the verdict of the jury is not sustained by sufficient evidence. p. 322.

3.  ESTOPPEL.—*Estoppel in Pais.—Elements.*—To constitute an estoppel *in pais*, it must appear that there was a misrepresentation of a material fact, made with full knowledge of the facts and with the intention that the other party should act on it, that the latter without fault on his part was ignorant of the truth, relied on such representation, and was induced thereby to act to his injury.  p. 323.

4.  ESTOPPEL.—*Estoppel in Pais.—Necessity of Fraud.*—While some element of fraud or misrepresentation is essential to an estoppel *in pais*, such estoppel may exist without a preconceived design or intention to deceive or mislead, and the fraud may consist in denying the representation upon which another has relied and acted, and the repudiation of which would entail a loss upon him.  p. 324.

5.  ESTOPPEL.—*Estoppel in Pais.—Cause of Injury.*—To have an application of the principle of estoppel *in pais*, based on fraudulent representations, it is not necessary that such fraudulent representations should be the sole inducement to the subsequent action, but it must appear that such subsequent action would not have been taken had it not been for such fraudulent representations. p. 324.

6.  HUSBAND AND WIFE. — *Action. — Issues. — Verdict. — Scope and Effect.*—In an action against a married woman on a promissory note defended on the ground of suretyship, and the question of whether defendant was estopped to assert suretyship was persented by the issues, a verdict for defendant amounted to a finding for defendant on the issue of estoppel, including a finding on every contested element of estoppel.  p. 327.

7.  HUSBAND AND WIFE.—*Suretyship of Wife.—Estoppel.—Answers to Interrogatories.—Verdict.*—A general verdict must stand as against a motion for judgment on the jury's answers to interrogatories, unless the latter are in irreconcilable conflict therewith; hence, in an action against a married woman on a note, defended on the ground of suretyship, where the answers to interrogatories showed that plaintiff, who purchased the note before maturity, relied upon representations by defendant that she was the purchaser of the horse for which the note was given, and that he also relied on endorsements on the note, the court did not err in overruling the motion for judgment on such answers, since it could not be presumed in aid thereof that the indorsements were induced by defendant's representations and that they in themselves were not sufficient to induce plaintiff to purchase the note,

Wright *v.* Fox—56 Ind. App. 315.

and without a finding of such facts the answers presented no irreconcilable conflict. p. 327.

8. ESTOPPEL.—*Estoppel in Pais.*—*Burden of Proof.*—Plaintiff in an action against a married woman on a note, relying on estoppel *in pais* to preclude her from asserting suretyship, has the burden of establishing every fact essential to such estoppel. p. 328.

9. HUSBAND AND WIFE.—*Suretyship of Wife.*—*Estoppel.*—*Evidence.*—*Jury Question.*—In an action against a married woman on notes given for a stallion, defended on the ground of suretyship, where it appeared that on signing the notes she executed a certificate that she was the purchaser, and the evidence showed that plaintiff, who was purchaser of the notes before maturity, had but scant information about defendant, but was well informed as to the solvency of the payee and other endorsers of the notes, the question of whether plaintiff relied on defendant's certificate when he purchased the notes, or partly on such certificate and partly on the indorsements, was for the jury. p. 328.

10. APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—A verdict having some evidence to support it, will not be disturbed on the evidence by the court on appeal. p. 329.

11. BILLS AND NOTES.—*Bona Fide Purchaser.*—*Rights.*—The purchaser of a negotiable note from one who is an innocent holder thereof for value, even though knowing of defenses against it, may avail himself of an estoppel against such defenses that might have been successfully relied upon by the innocent holder had he continued to own such note. p. 330.

12. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—In an action by the indorsee of a note signed by a married woman, who defended on the ground of suretyship, alleged error in an instruction on the ground that it ignored the plaintiff's right to avail himself of an estoppel which his assignor could have relied on to preclude the defense of suretyship, was rendered harmless by the jury's answers to interrogatories showing that the element of reliance in the alleged estoppel was not the sole inducement for the action of either the plaintiff or his assignor. p. 330.

13. APPEAL.—*Review.*—*Refusal of Instructions.*—A requested instruction purporting to recite all the facts shown by the evidence, and which erroneously assumed a certain essential fact, was properly refused. p. 331.

14. APPEAL.—*Review.*—*Refusal of Instructions.*—The refusal of instructions, even if they correctly state the law, is not erroneous, where they are substantially covered by instructions given. p. 331.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Frederick S. Wright against Barbria E. Fox.

From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Emmett O. King* and *Cassius C. Hadley,* for appellant.
*Cox & Andrews,* for appellee.

CALDWELL, J.—The facts in this case are in part as follows: On and prior to February 1, 1907, George W. Souers was a dealer in stallions at Warren, Indiana. Prior to that day, John M. Fox, husband of appellee, had been negotiating with Souers for the purchase of such a horse. Souers and Fox came to an agreement, by which the latter was to purchase from the former a certain Belgian stallion, known as "Surprenant", at the price of $1,650, payment to be made by the execution of two notes, bearing date of February 1, 1907, in the respective sums of $500 and $600, maturing September 1, 1908, and September 1, 1909, respectively, and a third note in the sum of $550, not involved in this action. Souers agreed to execute a written guarantee on the horse, and to deliver him March 1, 1907. Before the execution of any of the papers provided for by the terms of the contract, Souers ascertained that Fox was not a man of property, but that his wife, the appellee, Barbria E. Fox, was the owner of a farm. He informed Fox that the sale must be made to appellee, and that she would be required to execute said note and a certificate to the effect that she was the purchaser of the horse, and that said written guarantee must be made to appellee, rather than to her husband, John M. Fox. Thereupon, Souers, in the absence of appellee, prepared three notes, and also a written certificate of sale, the latter reciting that said horse was on February 1, sold to appellee for the sum of $1,650, and which certificate included certain provisions by which the horse was guaranteed in certain respects. Said certificate of sale was signed by Souers. The notes as prepared by Souers were by the terms thereof payable to him or his order as payee, at a designated bank in this State, and were in form and

substance such as to constitute them commercial instruments, negotiable by the terms of our statute under the law merchant. Souers delivered the certificate of sale to John M. Fox, and the notes to Mr. Wilson, agent of Souers, with instructions to the agent to procure appellee's signature to the notes. He also instructed his agent to procure from appellee a certificate that she was the purchaser of the horse. The foregoing transactions were had at the sale stables of Souers, and in the absence of appellee. Thereupon, on said day Fox and Wilson, the agent, went to the home of the former, and the next morning called on Mr. Carr, a lawyer, who under their instructions, prepared a certificate of purchase, complete except as to appellee's signature. Mr. Carr returned to the Fox residence with Mr. Fox and Mr. Wilson, and appellee thereupon signed said certificate of purchase and said notes and permitted them to be delivered to Mr. Wilson as the agent of Souers. The certificate of purchase is as follows:

"Akron, Indiana, February 2, 1907.
To all concerned: This to certify that I, the undersigned, purchased of George W. Souers, one imported stallion, named 'Surprenant' at and for the price of $1,650.00, taking the title to said horse in my own name.
Barbria E. Fox."

Appellee did not come in contact with the transaction leading to and culminating in the purchase of the horse, except that she signed the certificate of purchase and the notes as aforesaid, and apparently she was present and participated in certain conversations had by her husband and Wilson prior to February 1, 1907, the subject-matter of which was the contemplated purchase of the stallion from Souers. The horse, having been delivered as per agreement, apparently developed or manifested certain vicious traits, by reason of which Fox became dissatisfied with him, and in August, 1907, by arrangement made with Souers, exchanged him for a two-year-old Belgian colt. Subsequent

to February 1, 1907, the partnership of George W. Souers & Son was formed, consisting of George W. Souers and his son, and said notes were transferred by endorsement to the partnership. Thereafter, and before the maturity of either of the notes, the first two of them were transferred for value by endorsement to George W. Crawford by the partnership, and later, and before the maturity of the notes, Crawford transferred the two notes by endorsement to the appellant, Frederick S. Wright. The two notes having matured, and not having been paid, appellant instituted this suit for their collection, making defendant thereto only the appellee Barbria E. Fox. Appellee for her answer to the complaint alleged that she executed said notes as surety for her husband. Appellant replied by general denial, and certain special paragraphs. By the special paragraphs, appellant alleged the necessary elements of a *bona fide* purchase and holding of the notes by George W. Crawford, and a like *bona fide* purchase and holding of the notes by the appellant, and that each of them took the notes in full reliance on the certificate of purchase, and that each of them was induced by the certificate of purchase so to take the notes.

The answer, with the complaint, presents the issue of whether appellee executed the notes as surety for her husband, rather than as principal, and the special paragraphs of reply, with the answer, present the issue of whether appellee is estopped to make her defense of surety as against appellant, (1) by reason of his reliance on the certificate of purchase, so executed by appellee, (2) by reason of Crawford's reliance thereon, appellant correctly assuming that any right to avail himself of the principle of estoppel that George W. Crawford may have had as the endorsee of the notes, passed to appellant, with Crawford's endorsement thereof. The issues were submitted to a jury for trial. The general verdict was in favor of appellee. With the

general verdict, the jury returned answers to certain special interrogatories.

The errors assigned, and not waived in this court, challenge the court's action in overruling appellant's motion for judgment in his favor on the answers of the jury to the interrogatories, notwithstanding the general verdict, and in overruling the appellant's motion for a new trial. The general verdict amounts to a finding in appellee's favor that she executed the notes as surety for her husband, rather than as principal, and appellant does not contend that the answers of the jury to the special interrogatories overthrow the general verdict in this respect. In fact, appellant in his reply brief concedes that since the evidence on the subject of whether appellee was surety or principal, together with the inferences that may be legitimately deduced therefrom, was conflicting, he is concluded in this court by the general verdict that appellee is surety on the notes, as alleged in her answer. We shall, therefore, assume, for purposes of a further discussion of this case, that appellee was surety rather than principal. Section 7855 Burns 1914,

1. §5119 R. S. 1881, provides that "A married woman shall not enter into any contract of suretyship, either as endorser, guarantor or in any other manner; and such contract as to her shall be void." Appellee was a married woman when she executed the notes in suit. As we have said, it must be concluded in this court, in view of the admissions contained in appellee's brief, that she executed them as surety for her husband, rather than as principal. The notes were void as to her in the hands of the payee thereof, and although they are commercial paper governed by the law merchant, they were also void as to her in the hands of an innocent purchaser and holder for value, and they must be so adjudged, unless appellee is estopped from making her defense of suretyship. *Voreis* v. *Nussbaum* (1892), 131 Ind. 267, 31 N. E. 70, 16 L. R. A. 45; *Leschen*

v. *Guy* (1897), 149 Ind. 17, 48 N. E. 344; *Coats* v. *Gordon* (1896), 144 Ind. 19, 41 N. E. 1044, 42 N. E. 1025; *Potter* v. *Sheets* (1892), 5 Ind. App. 506, 32 N. E. 811. On first view, it seems paradoxical to assert that a void note may be rendered practically valid by recourse to an equitable principle. The paradox, however, is apparent rather than real. By the application of the principle of estoppel to a situation such as is presented by this appeal, the appellee would not be permitted to be heard effectively respecting the facts that render the note void, and such facts, therefore, could not be considered, and as a result, notes void in fact would be adjudged valid.

The issue of estoppel is presented on this appeal by the independent assignment that the court erred in overruling appellant's motion for judgment on the answers to the interrogatories, and by the assignment under the motion for a new trial, that the verdict of the jury is not sustained by sufficient evidence. We proceed to consider the assignments, and first the overruling of the motion for judgment on the answers to interrogatories. In addition to the facts hereinbefore set out, the answers of the jury to the interrogatories show the following: The writings hereinbefore described were the only writings executed in the transaction of the sale; appellee knew that the notes represented the purchase price of the horse, and that Wilson was agent for Souers, and she consented to a delivery of the notes and certificate of purchase to Wilson for Souers; that the transaction by which Crawford took the notes was had in the office of the First National Bank of Newark, Ohio, and that appellant was present at and participated in the transaction; that the certificate of purchase accompanied the notes in each of the transfers thereof, and was seen and examined both by Crawford and appellant; that neither Crawford nor appellant, prior to the time when he became the owner of the notes, knew that appellee claimed to be surety on the notes, or that she claimed to have any

defense thereto, but each of them knew that appellee was
a married woman when she executed the notes, and while
informed that under the laws of Indiana, a married woman
could bind herself and her property by notes given for
property purchased by her in her own name, each of them
was also informed at the time when he took the notes that
notes of a married woman in Indiana, not given in a trans-
action of her own, were invalid. We quote the following
further interrogatories and answers: Q. "Did George W.
Crawford, at the time he purchased said notes, in the pres-
ence of said Wright, read and examine, and did both said
Crawford and Wright then read and examine said certifi-
cate of Barbria E. Fox that she had purchased the stallion,
taking title in her own name" A. "Yes." Q. "Did
said Crawford then believe the statements in said certi-
ficate to be true, and rely upon them?" A. "Yes, with
the endorsement." Q. "Did said Wright believe, when he
took the two notes in suit, by endorsement from Crawford
that the statements in said certificate of Barbria E. Fox,
relating to the purchase of said stallion by her, were true,
and rely upon them?" A. "Yes, with the endorsement."

The essential elements of an estoppel by matter in pais,
or equitable estoppel, as applied to cases of representations
are the following: (1) That there was a misrepre-
sentation of a material fact; (2) that such misrep-
resentation was made with knowledge of the facts;
(3) that the other party was ignorant of the truth of the
matter, unless such ignorance resulted from a corrupt or
negligent failure to seek the truth; (4) that such repre-
sentation was made with the intention that the other party
should act on it; (5) that such other party relied on the
representation, and was induced thereby to act to his injury.
Davis v. Neighbors (1905), 34 Ind. App. 441, 73 N. E. 151;
Orr v. White (1886), 106 Ind. 341, 6 N. E. 909; Roberts
v. Trammel (1896), 15 Ind. App. 445, 40 N. E. 162, 44
N. E. 231. While as argued, it is true that an estoppel in

*pais* must be predicated upon a tort, and not upon a
4. contract, and that some element of fraud or misrepre-
sentation must exist (*Fort Wayne Trust Co.* v.
*Sihler* [1904], 34 Ind. App. 140, 149, 72 N. E. 494; *Cupp*
v. *Campbell* [1885], 103 Ind. 213, 220, 2 N. E. 565), still
an estoppel may exist even though there be no preconceived
design or intention to deceive or mislead. The fraud may
consist in denying the representation upon which another
has relied and acted, and the repudiation of which would
entail a loss upon him. *Wisehart* v. *Hedrick* (1889), 118
Ind. 341, 21 N. E. 30; *Kelley* v. *Fisk* (1887), 110 Ind. 552,
11 N. E. 453; *Ward* v. *Berkshire Life Ins. Co.* (1886), 108
Ind. 301, 304, 9 N. E. 361.

It is universally held that there can be no estoppel by
representation, unless the person pleading it relied on such
representation in his subsequent acts. That is, the
5. representation must have induced the acts. In the
case at bar, however, the answers of the jury to
the interrogatories, as hereinbefore set out, are open to the
construction that there was at most but a partial reliance
on the facts contained in said certificate of purchase. In
such cases, it has been held that there is no estoppel. In *Dye*
v. *Crary* (1906), 13 N. M. 439, 85 Pac. 1038, 9 L. R. A.
(N. S.) 1136, Crary and Heiniman purchased certain real
property of Dye. In subsequent litigation had between the
parties wherein Dye asserted certain rights in the property,
it was contended that he was estopped by certain repre-
sentations made by him in the transaction wherein he parted
with the title. In addition to the representations, it ap-
peared that Heiniman, who was acting for himself and
Crary, procured certain additional information from an at-
torney and from an examination of an abstract. When
Heiniman was testifying as a witness, the following ques-
tion was asked him, to which he made the following answer:

"Q. Now, when you came to handling the property and
making this payment, did you rely upon Dye's statement

to you or the opinion of your attorney and this abstract?
A. I relied upon all these." Under such state of the
record, the court says: "Another essential element of
equitable estoppel in this case is lacking, in that Crary and
Heiniman did not rely upon the statements of Dye as to
the condition of the title to the Compromise mine. The
evidence shows that they procured an abstract of title and
employed an attorney to examine these very proceedings
and relied at least in part on his report." The court then
quotes from 16 Cyc. 734, 736, as follows: "It is an essen-·
tial element of equitable estoppel that the person invoking
it has been influenced by and relied on the representations
or conduct of the person sought to be estopped; but in
all cases the representation or conduct must of itself have
been sufficient to warrant the action of the party setting up
the estoppel, and if notwithstanding such representation or
conduct he was still obliged to inquire for the existence of
other facts and to rely on them also to sustain the course
of action adopted, he cannot claim that the conduct of
the other party was the cause of his action and no estoppel
will arise." See, also, to same effect *McMaster* v. *Presi-
dent, etc.* (1873), 55 N. Y. 222, 14 Am. Rep. 239; *Mason* v.
*Bickle* (1878), 2 Ont. App. 291, 299; 11 Am. and Eng.
Ency. Law (2d ed.) 439; Bigelow, Estoppel (6th ed.) 697.
In cases where representations are made for the purpose
of inducing action on the part of the person seeking to avail
himself of the principle of estoppel, and where such person
has or obtains other information bearing on the subject-mat-
ter of the contemplated transaction, such representations
may in fact have any one of a number of degrees of potency
in inducing such action. Thus, such person may not rely
at all on such representations, but exclusively on such other
information; or he may rely exclusively on such repre-
sentations and not at all on such other information; or he
may rely on both such representations and such other in-
formation, and so relying, either of them may exert most

any degree of influence on the contemplated action. Thus, neither the representation nor such other information of itself may be sufficient to induce the action, but both of them taken together may be sufficient to that end. Or there might be a case where the representation of itself or such other information of itself was sufficient to induce the action. In our judgment, the true rule is as follows, and we so hold: That in order that there may be an application of the principle of estoppel *in pais*, based on fraudulent representations, it is not necessary that such fraudulent representations should be the sole inducement to the subsequent action, but that it must appear that had it not been for such fraudulent representations, such action would not have been taken. If such other information was sufficient of itself to induce such subsequent action, and if such subsequent action would have been taken in reliance on and induced by such other information, and regardless of such representations, then there can be no estoppel. We are maintained in this position by the following authorities: *Lebby* v. *Ahrens* (1886), 26 S. C. 275, 2 S. E. 387; *Ruff* v. *Jarrett* (1880), 94 Ill. 475, 480; *Safford* v. *Grout* (1876), 120 Mass. 20; *Matthews* v. *Bliss* (1839), 39 Mass. 48, 53; *Handy* v. *Waldron* (1896), 18 R. I. 567, 35 Atl. 884, 49 Am. St. 794; *Hartford Live Stock Ins. Co.* v. *Matthews* (1869), 102 Mass. 221; *Strong* v. *Strong* (1886), 102 N. Y. 69, 5 N. E. 799; *Hubbard* v. *Briggs* (1865), 31 N. Y. 518, 532; *Addington* v. *Allen* (1833), 11 Wend. (N. Y.) 375; *Baker* v. *Mathews* (1908), 137 Iowa 410, 115 N. W. 15; *Roberts* v. *French* (1891), 153 Mass. 60, 26 N. E. 416, 10 L. R. A. 656, 25 Am. St. 611; *Rice* v. *Gilbreath* (1898), 119 Ala. 424, 24 South. 421; *Marshall* v. *Gilman* (1892), 52 Minn. 88, 53 N. W. 811; *Huber* v. *Guggenheim* (1898), 89 Fed. 598; *Dashiel* v. *Harshman* (1901), 113 Iowa 283, 85 N. W. 85; *Braley* v. *Powers* (1898), 92 Me. 203, 42 Atl. 362; *Sioux Nat. Bank* v. *Norfolk State Bank* (1893), 52 Fed. 139, 5 C. C. A. 448;

*Poska* v. *Stearns* (1898), 56 Neb. 541, 76 N. W. 1078, 42 L. R. A. 427, 71 Am. St. 688.

The general verdict in this case amounts to a finding for appellee on the issue of estoppel; it includes a finding for appellee on any contested element of estoppel, and

6. therefore on the element of whether appellant placed the requisite degree of reliance on the certificate of purchase so executed by appellee. In this respect,

7. the general verdict must stand as against the motion for judgment on the answers to the interrogatories, unless the facts found by such answers are in irreconcilable conflict with the general verdict. The rules that govern in disposing of such a motion have been announced so often that we regard it as unnecessary to discuss or present them here. As we have said, the jury found by answer to an interrogatory, that Crawford at the time when he took the notes in suit, believed the statements contained in the certificate of purchase, and that he relied on them, with the endorsement. The same facts are found respecting appellant in the transaction in which he took the notes. The pleadings disclose that when Crawford took the notes, they bore the endorsement of Souers and Souers & Son, and that when appellant took said notes they bore the additional endorsement of Crawford. It will be presumed that said endorsement of Souers and Souers & Son are the endorsements referred to by the jury in its finding respecting Crawford as "the endorsement" relied on, and that such endorsements with the additional endorsement of Crawford, are the endorsements referred to by the jury in its finding respecting appellant, as "the endorsement" relied on. There is no finding that the facts contained in the certificate of purchase were materially relied on by either Crawford or appellant, or that such facts constituted a material inducement to subsequent acts on the part of either of them. There is no finding in the case of either Crawford or appellant that had

it not been for such certificate of purchase, such subsequent acts would not have been taken, and no finding that the endorsements alone were not sufficient to induce such subsequent acts or that such acts would not have been taken regardless of the certificate of purchase. In disposing of the motion for judgment, such omitted facts cannot be supplied by presumption, inference or deduction. In order that the answers of the jury to the interrogatories might be in irreconcilable conflict with the general verdict, such omitted facts must have been found by the jury. We hold, therefore, that the trial court did not err in overruling the motion for judgment on the answers to the interrogatories.

Second, we proceed to consider the sufficiency of the evidence. The burden was on appellant to establish every fact essential to an estoppel *in pais.* 16 Cyc. 811, 812; *Elliott* v. *Keith* (1897), 102 Ga. 117, 29 S. E. 155; *Baldwin* v. *Lowe* (1867), 22 Iowa 367; *Hill* v. *Epley* (1858), 31 Pa. St. 331. It follows that the burden was on appellant to prove the requisite reliance on the facts contained in the certificate. Generally stated, the evidence bearing on the question under discussion is as follows: The notes in suit were transferred to Crawford in January, 1908, Souers, Crawford and appellant being present. Crawford had known Souers for a number of years, and had sold him large numbers of horses, amounting in value to as much as $50,000 in a single year, which Souers paid by his own notes and by the assignment of the notes of other persons. Appellant had known Crawford intimately for a number of years. Neither appellant nor Crawford had any knowledge of Barbria E. Fox, except what they received from Souers, and the certificate of purchase. At the time of the transaction, Souers informed Crawford and appellant that Barbria E. Fox was worth some money, and that she owned a nice little farm. Crawford testified that in purchasing the notes he relied on the

certificate, but that he considered Souers good for $10,000; that when he took the notes he received from Souers notes aggregating more than $10,000; that he regarded the Fox note, with the endorsement of George W. Souers and George W. Souers & Son as perfectly good. Appellant testified that he had no information about the notes, except the certificate, the notes themselves, and the statements made by Souers; that in buying the notes, he relied on these three sources of information, and the endorsement of Mr. Souers and Mr. Crawford; that he regarded Souers as good and Crawford as amply good. From the foregoing statement of the evidence, it appears that both Crawford and appellant had but very meagre information respecting the solvency of Barbria E. Fox; that they had no information respecting the value of her farm, or to what extent, if any, it was encumbered. Their information respecting the solvency of the prior endorsers was ample. Considering the facts testified to and the inferences that might or might not legitimately be deduced therefrom, it is our opinion that the questions of reliance and inducement were for the determination of the jury. There was at least some evidence to sustain the verdict of the jury in the matter under consideration, and such being the case, it is not within the province of this court to interfere. We hold that the verdict of the jury is sustained by sufficient evidence.

Appellant challenges the correctness of a large number of instructions given by the court. Among them are several instructions that are to the effect that if the endorsement on the notes was the controlling influence which induced appellant to purchase the notes and was the thing on which he relied, then the statements contained in the certificate of purchase could not be held against appellee as an estoppel. Appellant assails these instructions on the ground that they ignore the principle that he who purchases commercial paper from one who is an innocent holder thereof

for value may recover on it although he knew at the time when he purchased such paper that there were defenses against it. Appellant asserts that the specific infirmity in these instructions is that they ignore appellant's possible right to avail himself of an estoppel, that Crawford might have successfully pleaded and proved, had he continued to own the notes and sued on them. The principle is sound. *Hill* v. *Ward* (1910), 45 Ind. App. 458, 91 N. E. 38. It is applicable where such prior holder's right to recover is based on estoppel. *Krathwohl* v. *Dawson* (1895), 140 Ind. 1, 3, 38 N. E. 467, 39 N. E. 496; *Rose* v. *Hurley* (1872), 39 Ind. 77; *Rose* v. *Teeple* (1861), 16 Ind. 37, 79 Am. Dec. 403. However, conceding that the instructions are incorrect or incomplete expressions of the law, it does not follow that the giving of them under the special circumstances of this case was error, for which the case must be reversed. Crawford had no information beyond what appellant had that could constitute a basis for reliance or inducement. In fact, appellant had the additional element of Crawford's endorsement, which might have been potential in inducing him to rely on something other than the facts pleaded as an estoppel. Granting, however, that certain specific facts might be sufficient to induce one person to act when the same or additional facts might not be sufficient as to another person, still the jury in answer to the interrogatories as we have shown, found on the question of reliance, in the case of both Crawford and appellant, in the same language, to the effect that each of them relied on the certificate with the endorsements on the notes. Under such circumstances, no right to resort to the principle of estoppel passed from Crawford to appellant with the transfer of the notes beyond what personally accrued to him from transactions had by him. We hold that the error, if any, in giving the instructions was cured by the findings of the jury. *Chicago,*

*etc., R. Co.* v. *Lynn* (1902), 30 Ind. App. 88, 65 N. E. 552; *Indianapolis St. R. Co.* v. *Brown* (1904), 32 Ind. App. 130, 69 N. E. 407; *Terry* v. *Davenport* (1908), 170 Ind. 74, 83 N. E. 636.

Were we to discuss specifically each of the instructions given and of which appellant complains, this opinion would thereby be unduly extended. We have given these instructions careful consideration, and have analyzed them in the light of the state of the record, and find no prejudicial error in them.

At the close of the evidence appellant tendered a peremptory instruction, which purported to recite all the facts shown by the evidence, and requested that it be 13. given. Appellant insists that the court erred in refusing to give it. One defect, among others, in this instruction is that it erroneously assumes that both Crawford and appellant took the notes relying solely on the facts recited in the certificate of purchase. The court did not err in refusing it. Appellant contends that the 14. court erred also in refusing to give instruction No. 11, requested by him. This instruction is in substance that appellee, as the sole maker of the notes, can not successfully maintain her defense of suretyship, unless John M. Fox was liable to Souers for the debt represented by the notes, and unless the parties understood that he was the principal obligor. While, not conceding that the instruction, as worded, is a correct expression of the law, or such a clear and accurate expression thereof as that it should have been given, it is sufficient to say that it was substantially covered by instruction No. 10 given at the request of the appellant. There was, therefore, no error available to appellant in refusing said instruction No. 11.

There is no error in the record that warrants a reversal, and the judgment is affirmed.

NOTE.—Reported in 103 N. E. 442. As to what amounts to equitable estoppel, see 134 Am. St. 172. See, also, under (1) 21 Cyc.

1321; (3) 16 Cyc. 726; (4) 16 Cyc. 728; (6) 38 Cyc. 1869; (7) 38 Cyc. 1927; (9) 16 Cyc. 813; (10) 3 Cyc. 348; (11) 7 Cyc. 938; (12) 38 Cyc. 1815; (13) 38 Cyc. 1657; (14) 38 Cyc. 1711.