Filed March 30, 1886.

No. 12,485.

## BARRETT v. LEWIS.

VENDOR'S LIEN.—*Assignment of Sheriff's Certificate of Sale.*—*Promissory Note.*— L. sold land to M., who executed a mortgage to secure part of the purchase-price. Upon foreclosure and sale, L. purchased the land, and, before the expiration of the year for redemption, assigned her certificate of purchase to B., who, in part payment therefor, executed her promissory note, stipulating therein that it was given for " purchase-money for real estate." In a suit by L. on the note, B. being in possession of the land under her sheriff's deed;

*Held,* that a vendor's lien may be declared and enforced for the amount due on such note.

SAME.—A vendor's lien results from the transactions between the parties, and is manifested by all the circumstances attending each particular case, and if, upon looking through the transaction, it appears that the debt is in fact part of the purchase-price of land acquired in the transaction out of which the debt arose, no other obstacle intervening, a lien will be declared upon the land in favor of the person to whom the debt.

is due, notwithstanding the fact that the technical relation of vendor and vendee did not exist.

From the Marion Superior Court.

*H. Dailey,* for appellant.

*R. E. Smith,* for appellee.

MITCHELL, J.—Hester A. Lewis conveyed a tract of land in Marion county to Gottfried Muhlman, and to secure part of the purchase-price took a mortgage. Subsequently she obtained a decree of foreclosure, and upon a sale of the land made in pursuance of the decree, she became the purchaser, and received from the sheriff a certificate of purchase, in due form. Before the period for redemption expired, she sold and assigned the certificate, and all her rights thereunder, to Lucy B. Barrett, who paid part of the consideration for the assignment in cash, and for the residue executed her promissory note, due in two years. It was stipulated in the note that it was given for " purchase-money for real estate."

At the expiration of the year for redemption, which was about four months after taking the assignment, Mrs. Barrett received a sheriff's deed upon the certificate, and went into possession of, and has ever since continued to own, the land.

The note given in part payment for the assignment of the certificate remaining unpaid, suit was brought by Mrs. Lewis to enforce a vendor's lien upon the land. Upon a special finding of facts, of which the foregoing is the substance, the superior court at special term stated conclusions of law, upon which a decree was given declaring and enforcing a vendor's lien for the amount due upon the note. This judgment was affirmed upon appeal to the general term, and the sole question here is whether, upon the transaction stated in the special findings, a vendor's lien resulted?

The lien which arises in favor of the vendor of land, or of the person to whom purchase-money is due, is peculiarly of equitable cognizance. Equity has regard in such cases as in others, for the substance, and not the mere form, of the trans-

action.   Disregarding form, a court of equity will not permit substantial equities, which are clearly established, to be defeated by the interposition of merely nominal or technical distinctions.   If, upon looking through the transaction, it appears that a debt is in fact part of the purchase-price of land acquired in the transaction out of which the debt arose, no other obstacle intervening, a lien will be declared upon the land so acquired, in favor of the person to whom such debt is due.   This is clearly the result of the well considered case of *Dwenger* v. *Branigan*, 95 Ind. 221, and the authorities there cited.

It is elaborately argued that a certificate of purchase vests no title to the land in the holder, and that the transfer of the certificate did not create the relation of vendor and vendee between the assignor and assignee.   It may be conceded that the certificate of purchase did not of itself vest the holder with a legal title, and that the assignor was not, by the fact of assigning the certificate, technically a grantor.   It was not necessary that the plaintiff should have been the holder of the legal title, or that she should have been nominally the grantor, in order that a lien in her favor might be declared. There would be force in the argument of appellant, if, in order that an equitable lien might have arisen out of the transaction, it was requisite that the technical relation of vendor and vendee should have existed.

It has been repeatedly held that the existence of this relation does not determine whether or not an equitable lien may be declared.   *Johns* v. *Sewell*, 33 Ind. 1; *Fleece* v. *O'Rear*, 83 Ind. 200; *Dwenger* v. *Branigan, supra;* *Carey* v. *Boyle*, 53 Wis. 574; *Jones* v. *Parker*, 51 Wis. 218; *Kaiser* v. *Lembeck*, 55 Iowa, 244; *Curtis* v. *Root*, 20 Ill. 518.

In the case before us the appellee sold and conveyed her land, receiving as security for part of the purchase-price a mortgage from the purchaser.   The foreclosure of the mortgage and sale resulted in investing her with a certificate of purchase.   The assignment of this certificate was the only

possible method by which the right of the holder in the land could be transferred. This resulted, as it was evidently contemplated it would, in investing the appellant with all the title which the appellee had in the first instance to the land. The note stipulated on its face that it was given for part of the purchase-price of real estate. This is persuasive of the understanding of the parties at the time. It was according to the fact, as events proved. It is the unpaid purchase-money which creates the lien, and it is of no consequence to whom the money is due, so that it can be regarded in equity as purchase-money.

The lien results from the transactions between the parties, and is manifested by all the circumstances attending each particular case. *Boyd* v. *Jackson*, 82 Ind. 525; *Nichols* v. *Glover*, 41 Ind. 24.

Under the circumstances of this case, it was correctly declared that a lien arose. The judgment is therefore affirmed, with costs.

Filed April 2, 1886.