Butler *et al. v.* Thornburg.

No. 15,718.

BUTLER ET AL. *v.* THORNBURG.

PRACTICE.—*Sustaining Demurrer.*—*Harmless Error.*— Where a demurrer was sustained to a paragraph of answer, and all the evidence that could have been given to support said paragraph was admissible under other paragraphs, the error, if such it was, in sustaining the demurrer, is not an available error on appeal.

MORTGAGE.— *Money Advanced to Pay Off Liens.*—*Failure of Wife to Join in Mortgage.*—*Rights of Wife.*—*Section 2495, R. S. 1881, construed.*—The defendant, in common with several others, owned a tract of land. He and his wife executed mortgages on his undivided interest to the plaintiff to secure the indebtedness of the husband for an amount in excess of his said interest. The entire tract was heavily encumbered. The defendant acquired the interest of the others, upon the understanding that he was to assume and pay off the mortgages. The plaintiff agreed to furnish a sufficient amount of money to pay off and discharge all of said liens except those owned by himself. He did so, and the defendant executed a mortgage to the plaintiff on the entire tract for the money so paid by the plaintiff and for the amount of his own mortgages. The defendant's wife refused to join in this mortgage.

*Held,* that the mortgage executed to the plaintiff by the defendant represented the whole of the consideration paid by the defendant for the conveyance of the property to him, and that the plaintiff was as much entitled to the protection of section 2495, R S. 1881, which declares that although a wife do not join in a mortgage, given to secure the whole or any part of the purchase-money, she is not entitled to any interest as against the mortgagee, as he would have been if he himself had been the vendor.

*Held,* also, that the mortgage, in so far as it represented the money paid as purchase-money, was superior to any interest of the wife, but not as to the amount paid in extinguishing the mortgages executed by the husband upon his own interest.

From the Henry Circuit Court.

*M. E. Forkner, C. S. Hernley* and *S. H. Brown,* for appellant.

*J. M. Brown* and *W. A. Brown,* for appellee.

MILLER, J.—This was an action to foreclose a mortgage, brought by the appellee against Rollin T. Butler and Martha Butler.

The defendant Martha Butler filed an answer in several paragraphs, to some of which demurrers were sustained. The plaintiff replied to the remaining paragraphs, and the issues thus joined were submitted to the court for trial, who, at the request of parties, returned a special finding of facts and conclusions of law.

Several errors are assigned, but only two have been discussed by the appellants' counsel in their brief, viz. : That the court erred in sustaining the demurrer to the fourth paragraph of answer ; and that the court erred in its conclusions of law from the facts found.

We find, upon examination, that all the evidence that could have been given to support the fourth paragraph of answer was admissible under other paragraphs, and the error, if such it was, in sustaining the demurrer to this paragraph, did not injure the appellant. *Rush* v. *Thompson*, 112 Ind. 158 ; *Landwerlen* v. *Wheeler*, 106 Ind. 523 ; *Ralston* v. *Moore*, 105 Ind. 243 ; *Messick* v. *Midland R. W. Co.*, 128 Ind. 81.

A synopsis of the facts found by the court, so far as they are necessary to present the questions of law discussed by counsel, is as follows: The land described in the complaint was owned by said Rollin T. Butler, Barton L. Butler and their mother, Diza Butler, and was encumbered for an amount largely in excess of its value ; that the defendant Martha Butler had joined with her husband in the execution of a part of the mortgages resting on the land, for his indebtedness, for an amount in excess of his interest therein ; that the plaintiff Thornburg was one of the mortgagees. In February, 1888, Rollin T. Butler purchased of his mother and brother all their interest in the land, in consideration that he would pay and discharge all the mortgage liens thereon. Rollin T. made an agreement with the holders of the mortgages to pay them a certain per cent. of their claims, which they were to receive as full payment. It was agreed between Rollin T. and the plaintiff that plaintiff should furnish a sufficient amount of money to pay off and discharge all said

Butler *et al. v.* Thornburg.

liens, except those owned and held by himself, and that Rollin would, upon the execution of a deed to him, and the payment of said liens by the plaintiff, execute to the plaintiff a mortgage, his wife joining in its execution, for the money so paid by plaintiff in discharge of the liens, and for the full amount of the liens held by plaintiff, amounting in all to the sum of $8,320. On the 20th day of February, 1888, the plaintiff, said Rollin T., Barton L. and Diza Butler, and the lien-holders, met for the purpose of executing said contracts, and being so met, said Diza and Barton executed a deed to Rollin for said lands, and the plaintiff furnished the money necessary to pay off all said liens, and did pay off and caused them to be released and discharged of record ; that thereupon Rollin T. Butler executed the mortgage in suit to the plaintiff for said sum of $8,320 ; that the defendant, Martha Butler, refused to join in the execution of the mortgage.

From these facts the court held as a conclusion of law that the mortgage was a valid lien on the land, and that said Martha Butler had no interest, inchoate or otherwise, superior to the lien of the mortgage.

It is provided by statute (section 2495, R. S. 1881,) that " Where a husband shall purchase lands during marriage, and shall, at the time of purchase, mortgage said lands to secure the whole or part of the consideration therefor, his widow, though she may not have united in said mortgage, shall not be entitled to her third of such lands as against the mortgagee or persons claiming under him."

The mortgage executed to the appellee represented the whole of the consideration paid by Rollin T. for the conveyance of the property to him, and we are satisfied that he is as much entitled to the protection of the statute above cited as he would have been if he had himself been the vendor.

There is nothing in the statute to indicate that the Legislature intended that the mortgage to secure the purchase-money should necessarily be given to the vendor.

In *Jones* v. *Parker*, 51 Wis. 218, the court, in a case much

like the one before us, speaking of a provision of the statute of that State, substantially like our own, says: "Neither would the wife have had any right of dower as against the mortgage, because it was for purchase-money."

In *Clark* v. *Munroe*, 14 Mass. 351, land was conveyed to a husband, and at the same time mortgaged to a third person who furnished the purchase-money. · It was held that the widow of the grantee had no right of dower as against the mortgagee. See, also, *Kaiser* v. *Lembeck*, 55 Iowa, 244.

The decisions of this, and other courts, giving persons who have furnished money for the express purpose of purchasing real estate, the same lien given vendors, strongly sustain this construction of the statute. *Dwenger* v. *Branigan*, 95 Ind. 221; *Barrett* v. *Lewis*, 106 Ind. 120; *Carey* v. *Boyle*, 53 Wis. 574; *Charter Oak, etc., Ins. Co.* v. *Stephens* (Utah), 15 Pac. Rep. 253.

In so far as the mortgage sued on represents the money paid by the appellee, as purchase-money, it is superior to any interest, or claim of title, by the appellant.

If the husband of the appellant had, prior to his purchase from his mother and brother, owned no portion of the land, and had thereby acquired the whole title, then the mortgage would have represented purchase-money only, and the appellant would, as against this mortgage executed by her husband, have had no claim to the land, or any part of it.

But it appears from the finding that prior to this purchase, her husband owned some portion, presumably one-third of the property. This interest he did not, of course, acquire by this purchase, and the amount paid in extinguishment of the mortgages executed by Rollin T. and the appellant, upon his own land, was not purchase money; and the mortgage, in so far as it represents this amount, was not a purchase-money morgage, the foreclosure of which would cut off her inchoate interest.

It is found that the interest of her husband in the land had been mortgaged, she joining in the execution of the

mortgages, for an amount largely in excess of its value, and if joined with the foreclosure, a paragraph of complaint had been added, asking that the plaintiff be subrogated to the rights of the mortgagees whose claims had been paid by him, another question would be presented.

The conclusion of law that the appellant had no interest in the land, as against the mortgage, was not warranted by the facts found, and the judgment must, therefore, be reversed.

We are satisfied that the ends of justice will best be subserved by granting a new trial. Section 660, R. S. 1881; *Murdock* v. *Cox*, 118 Ind. 266; *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264.

The judgment is reversed, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.