McCoy *et al. v.* Barns *et al.*

Filed Jan. 25, 1894.

———— ♦ ————

No. 16,596.

McCoy et al. *v.* Barns et al.

Married Woman.—*Real Estate.—Tenants by Entireties.—Mortgage.— Principal and Surety.*—Where land was conveyed to a husband and wife as tenants by entirety, the purchase-money being advanced by a third party, for which the husband executed his note, and, as security for the note, the husband and wife executed a mortgage on said land, the wife, as to such transaction, is a principal and not a

surety for her husband; and the mortgage constitutes a valid lien.

SAME.—*When a Principal.—When a Surety.*—The question as to whether a married woman is surety is not to be determined by the form of the contract, nor from the basis from which the contract was had, but from the inquiry, was the wife to receive in person, or in benefit to her estate, the consideration upon which the contract rests? To the extent to which she receives the benefit she is a principal and not a surety.

From the Rush Circuit Court.

*B. L. Smith, C. Cambern, D. Morris* and *D. S. Morgan,* for appellants.

*G. W. Campbell,* for appellees.

COFFEY, J.—The facts in this case, briefly stated, as gathered from the pleadings, are that on and prior to the 15th day of September, 1884, the appellees, Allen S. Barns and Otelia Barns, were, and still are, husband and wife. Shortly prior to that date they, together with the appellee Shelton M. Barns, entered into negotiations with one Mary A. Cook for the purchase of a tract of land in Rush county, consisting of sixty-five acres.

They applied to the appellants for money with which to pay a part of the purchase-price, whereupon they agreed to advance two thousand dollars for that purpose, with the agreement that they should have a mortgage upon the land to secure its repayment. Twenty-five acres of the land were conveyed to the appellee Shelton M. Barns, and the remaining forty acres were conveyed to the appellees, Allen S. and Otelia Barns. At the time of the conveyance, each of the appellants paid to the grantor, as part of the purchase-price of the land, the sum of one thousand dollars, took two notes as evidence of the debt signed by the appellees, Allen S. and Shelton M. Barns, due three years after date, and a mortgage on all the land to secure the repayment of the money, signed by all the appellees, containing the usual agreement on

the part of the mortgagors to pay the money secured without relief from valuation or appraisement laws. The price agreed upon for the forty acre tract was two thousand dollars, all of which was paid by the appellants.

The complaint in this case consists of two paragraphs. The first is an ordinary complaint to foreclose the mortgage, and praying a personal judgment on the notes, against the makers.

The second paragraph sets up the facts above detailed and prays that the amount paid by the appellants be declared a vendor's lien; that the appellants be subrogated to the rights of the vendor of the land; and that they have a foreclosure of such vendor's lien.

The court sustained a demurrer to the second paragraph of the complaint, and the appellants excepted.

To the first paragraph of the complaint, the appellee Otelia Barns, answered that the debt, evidenced by the notes therein set out, was her husband's individual debt; that she and her husband held the forty-acre tract therein described as tenants by entirety, and that she signed the mortgage in suit as surety for her husband, Allen S. Barns.

She and her husband also filed a joint cross-complaint setting up the facts alleged in her answer, and prayed a decree cancelling the mortgage.

The appellants filed a reply to the answer of Otelia Barnes setting up, substantially, the facts in this case as above set forth.

They also answered the cross-complaint of Allen S. and Otelia Barns, setting up the same facts. To this reply, as well as to the answer to the cross-complaint, the court sustained a demurrer.

The appellants failing and refusing to answer further, the court entered a decree cancelling the mortgage on the

forty-acre tract of land held by Allen S. and Otelia Barns as tenants by entirety.

These several rulings are assigned as error in this court.

In our opinion, the circuit court erred in sustaining a demurrer to the reply of the appellants to the answer of Otelia Barns and in sustaining a demurrer to their answer to the cross-complaint of Allen S. and Otelia Barns. Under the facts disclosed by this reply and answer, the appellants are, in equity, subrogated to the rights of the vendor of the land, and the money advanced by them should be treated as unpaid purchase-money. A court of equity will disregard mere forms, and will not permit a substantial equity to be defeated by the interposition of merely nominal or technical distinctions. *Dwenger* v. *Branigan*, 95 Ind. 221; *Barrett* v. *Lewis*, 106 Ind. 120; *Otis* v. *Gregory*, 111 Ind. 504; *Butler* v. *Thornburg*, 131 Ind. 237.

Furthermore, it is well settled by the adjudicated cases in this State, that the question as to whether a married woman is surety is not to be determined by the form of the contract, nor from the basis from which the contract was had, but from the inquiry, was the wife to receive in person, or in benefit to her estate, the consideration upon which the contract rests? To the extent to which she receives the benefit she is not a surety, but a principal. *Vogel* v. *Leichner*, 102 Ind. 55; *Bouvey, Guar.*, v. *McNeal*, 126 Ind. 541; *Johnson* v. *Jouchert*, 124 Ind. 105; *Wilson* v. *Logue*, 131 Ind. 191.

In this case the full purchase-price for the forty acre tract of land in dispute was paid by the appellants. Otelia Barns has never invested a penny in it. She, in contemplation of law, owns it; so that the money advanced by the appellants enured to her benefit. She is not, therefore, a surety, but a principal. She is seeking to hold land in which she has nothing invested, at

the expense of those who paid the purchase price. To permit her to do so would be to permit an injustice which a court of equity will not tolerate, unless restrained by fixed and inflexible rules which forbid relief. The principles of law above referred to give to the appellants the relief sought in this case.

Section 5119, R. S. 1881, is a wise enactment intended to protect married women against surety debts, but was not intended as a means to enable them to acquire property at the expense of others. *Tombler* v. *Reitz*, 134 Ind. 9.

This case is quite different from the case of *Stewart* v. *Babbs*, 120 Ind. 568. In that case the mortgage in suit covered not only the land conveyed to Mrs. Stewart and her husband, but it covered, also, an equal quantity owned by Mrs. Stewart in her own right long prior to the execution of the mortgage. Her answer and cross-complaint related to the land held by her in her own right, and had no reference to the land conveyed by Mrs. Somers. That is quite different from this case, where no land owned by Mrs. Barns is involved, and where she is seeking to hold lands conveyed to her and her husband as against those who paid the whole purchase-price.

In our opinion, the court should have overruled the demurrers to the third paragraph of the appellants' reply to the answer of Otelia Barns, and to the fourth paragraph of their answer to the cross-complaint filed by the appellees, Otelia and Allen S. Barns.

Under the view we have taken of this case, we deem it unnecessary to inquire whether the court did or did not err in sustaining a demurrer to the second paragraph of the complaint.

Judgment reversed, with directions to the circuit court to overrule the demurrers to the third paragraph of the

reply and to the fifth paragraph of the answer to the cross-complaint.

Filed Jan. 12, 1894.