The Upland Land Company *v.* Ginn *et al.*

Filed February 19, 1896.

---

No. 1,874.

THE UPLAND LAND COMPANY *v.* GINN ET AL.

APPELLATE COURT.—*Jurisdiction.—Vendor's  Lien.—Equity.*—The Appellate Court does not have jurisdiction of an appeal from a judgment declaring a vendor's lien, which is peculiarly of equitable cognizance, under section 1337, R. S. 1894, limiting its jurisdiction to cases for the foreclosure or enforcement of liens of purely statutory origin.

From the Grant Circuit Court.

*Harvey & DeWolf*, for appellant.

*Brownlee & Paulus,* for appellees.

Ross, J.—This is an action brought upon a promissory note .executed by the appellant to the appellee William Ginn, under the following circumstances, to-wit :

On the 11th day of April, 1893, John W. Wilhelm sold and conveyed to the appellant, The Upland Land Company, a certain tract of land near Upland, in Grant County, Indiana, which land the company, on the 19th day of May, 1893, caused to be platted into an addition of 729 lots, known as "University addition to Upland," and from the time of the purchase until the commencement of this action the company owned nearly six hundred of the lots. At the time of the purchase of the property from Wilhelm, all of the purchase-money was not paid, and the company executed to him its promissory note for the balance due, which was about $2,700. On the 3d day of July, 1893, Wilhelm purchased from the appellee William Ginn, a certain other tract of land, and as a part of the consideration therefor, said William agreed to transfer to said Ginn $2,018 of the balance of purchase-money due from the land company to him, and in consummation thereof the note executed by the company to Wilhelm was delivered up, and instead thereof two new notes executed by it were given, one to Ginn for the $2,018, and the other to Wilhelm for the balance of the $2,700, with interest. The $2,018 note given to Wilhelm was assigned by him to the Upland Glass Company, and it, having been made a party defendant, by cross-complaint sought to recover on that note. Both the plaintiff Ginn and the cross-com-

plainant, the Upland Glass Company, asked in addition to a personal judgment that their claims be declared to be vendor's liens, and that the same be foreclosed, etc. There was a recovery on both the complaint and the cross-complaint, a lien declared, and the property ordered sold.

The only question presented on this appeal is whether or not a vendor's lien was rightfully declared in favor of the appellee Ginn, and the cross-complainant, the Upland Glass Co.

The lien which arises in favor of the vendor of land for the unpaid purchase-money is by implication of law and is peculiarly of equitable cognizance. *Barrett* v. *Lewis,* 106 Ind. 120 ; *Otis* v. *Gregory,* 111 Ind. 504.

This court's jurisdiction is limited to cases ''for the foreclosure or enforcement of liens of purely statutory origin'' only. Section 1337, Burns R. S. 1894.

The jurisdiction of this cause is in the Supreme Court, hence the cause is transferred to that court.

Filed February 19, 1896.