## WREDMAN *v.* FALLS CITY SAVINGS & LOAN ASSOCIATION ET AL.

[No. 6,102.   Filed November 6, 1907.]

1. **BILLS AND NOTES.**—*Mortgages.*—*Husband and Wife.*—*Principal and Surety.*—Where a wife, to the knowledge of a building and loan association, transfers her real estate, her husband joining, to a third party for an unreal nominal consideration, and such party, in the same manner, transfers same to the husband, a mortgage executed thereon by such wife is void, and such real estate is not liable therefor. p. 479.

2. **SAME.**—*Mortgages.*—*Husband and Wife.*—*Suretyship*—Where a mortgage is executed by a wife upon her lands to secure the payment of money loaned to the husband, she is liable thereon for that portion of such money appropriated to her separate use and benefit. p. 479.

3. **CONTRACTS.**—*Suretyship.*—*Validity as to Wife.*—*Remedy.*—The propriety of the disability of the married woman to become surety is for the legislature. p. 480.

From Floyd Circuit Court; *William C. Utz,* Judge.

Suit by the Falls City Savings & Loan Association against Clara Wredman and another. From a decree for plaintiff, defendant Clara Wredman appeals. *Reversed.*

*Laurent A. Douglass,* for appellant.

*Simeon S. Johnson* and *Joseph A. McKee,* for appellee association.

ROBY, J.—Appellee brought this suit upon a promissory note and for the foreclosure of a mortgage securing it. The note was executed by William J. Wredman, the mortgage by him and his wife, the appellant herein. The real estate described in the mortgage consisted of two town lots. By her answers appellant set up ownership as to one of said lots and averred that she was a married woman, that the mortgage was given to secure the debt of her husband, and that appellee had knowledge of said facts. Wherefore she prayed judgment as to her separate real estate, and for her costs. The cause was tried, a special finding of facts made, con-

clusions of law stated thereon, and decree entered in accordance with said conclusions, foreclosing said mortgage as to all the real estate therein described.

The appellant filed a motion for a new trial. The same was overruled, and this ruling is challenged by the single assignment of error.

The undisputed evidence is that appellant was the owner of the lot, designated in her answer, on December 30, 1902, and on said day conveyed the same by deed, her husband joining therein, to one McKee, the stated consideration being $1. Said McKee at once reconveyed the land to William J. Wredman, the stated consideration being $1. There was no actual consideration for either conveyance, and the purpose of the transaction was to put the title of the land in the husband to enable him to negotiate the loan. The deeds were both recorded on said day. The note and mortgage in suit were executed on January 24, 1903. The application for the loan was made by Wredman to the secretary of the appellee company. They were neighbors, and there is evidence that the secretary knew of the facts and the purpose of the transfer to Wredman. Attention has not been called to a denial of this testimony, and there does not seem to have been any denial thereof. The court found that "appellee did not have notice that Wredman was not the owner, both legal and equitable, of all the land described." This finding is not supported by evidence. The question is foreclosed by the decision in *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616, 66 L. R. A. 632.

The finding is to the effect that $300 of the money realized upon the mortgage in suit was used to pay a debt of $300, which said sum had been used by appellant for her own benefit, and for which, with the accrued interest, she is of course liable. As to the residue of said $1,000, it appears to be the debt of the husband. The money, it is true, was used in part to relieve the necessities of a daughter, in whom the appellant may have been as much concerned as

the husband; but no matter how strong the moral obligation may be, nor how anxious the wife was to have the husband make the loan, the law, as construed, permits her to repudiate any liability. *Field* v. *Campbell* (1905), 164 Ind. 389, 108 Am. St. 309; *Webb* v. *John Hancock, etc., Ins. Co., supra; Guy* v. *Liberenz* (1903), 160 Ind. 524.

The remedy for this anomalous condition lies with the legislature. The judgment is therefore reversed, and the cause is remanded, with instructions to sustain the motion for a new trial and for further proceedings not inconsistent herewith.