## LUDLOW, GUARDIAN, *v.* COLT ET AL.

[No. 6,668.    Filed January 29, 1908.]

1.  BILLS AND NOTES.—*Suretyship.—Husband and Wife.—Estoppel.* —Prior to the act of 1903 (Acts 1903, p. 394, §7856 Burns 1908), a married woman executing a note as surety was not estopped by proof that, prior to the making of the loan, she executed an affidavit stating that the money was for her own use. p. 139.

2.  SAME.—*Suretyship.—Married Woman.*—Under §7856 Burns 1908, Acts 1903, p. 394, a married woman who, for the purpose of effecting a loan, executes an affidavit stating that the money desired is for the betterment of her property, is liable therefor regardless of the truth or falsity of such statement. p. 140.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Suit by Omer T. Ludlow, as guardian, against Carrie G. Colt and another.    From a decree for defendants, plaintiff appeals.    *Reversed.*

*Thomas S. Cravens,* for appellant.
*Givan & Givan,* for appellees.

ROBY, C. J.—Suit by appellant to foreclose a mortgage upon land in Dearborn county, owned by appellee, Carrie G. Colt, who answered that she was at the time of the execution of said mortgage a married woman, the wife of her code-fendant, Robert M. Colt, who departed life during the suit,

and that she executed the mortgage and notes secured thereby as surety for said husband.

The court found the facts specially and stated as conclusions of law that the contract sued upon was one of suretyship by said Carrie G. Colt, that she was not estopped from asserting such suretyship, and that appellant was not entitled to recover as against her. Relevant statutory provisions are as follows:

"All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." §7851 Burns 1908, §5115 R. S. 1881.

"A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." §7855 Burns 1908, §5119 R. S. 1881.

"That any married woman who shall hereafter execute her promissory note  *  *  *  and deliver the same to any person  *  *  *  for the purpose of securing a loan, and such person  *  *  *  shall make such loan and shall pay the proceeds thereof to such married woman  *  *  *  by check  *  *  *  drawn payable to her order, and such married woman shall state under oath in writing the purpose for which such borrowed money is to be used, and if such affidavit shall show the same to be for her own separate use or the betterment of her  *  *  *  separate business, she shall not be permitted thereafter to claim that such loan was made for the use or benefit of any person other than herself." Acts 1903, p. 394, §7856 Burns 1908.

Prior to the act of 1903, *supra*, the conclusion reached by the court would have been a correct one, there not being sufficient facts found to create an estoppel against said

1. appellee. *Davis* v. *Neighbors* (1905), 34 Ind. App. 441; *Wredman* v. *Falls City Sav., etc., Assn.* (1907), 40 Ind. App. 478.

Among other facts the court found, in substance, that on April 6, 1905, said appellee executed three promissory notes

for $1,000 each, her husband not joining therein; that
2. on said day she executed a mortgage upon the land
described to secure the payment of said notes, her
husband joining in said mortgage; that she also on said day
as a part of said transaction, and as an inducement to the
making of said loan by appellant, stated under oath in writ-
ing the purpose for which such money was to be used, and
that said affidavit showed the same was to be used for the
betterment of her property; that said notes evidenced a loan
of $3,000 made on said day by appellant, and that said sum
was paid by a check for $3,000 drawn by appellant upon a
bank named and payable to the order of Carrie G. Colt; that
said check was delivered to and subsequently indorsed by
said payee. These facts show that Mrs. Colt has no defense
to the suit on the ground of suretyship. Her liability does
not depend upon any estoppel, but upon her own contract—
the notes and mortgage in suit. She does not come within
the exception to §7851 Burns 1908, §5115 R. S. 1881, which
is made by §7855 Burns 1908, §5119 R. S. 1881.

The truth or falsity of the facts stated in said affidavit is
not in question. The presumption is that they are true;
but, true or false, the married woman who by affidavit states
facts as specified in the act of 1903, *supra,* becomes liable
for the payment of her debt exactly as any other capable,
contracting party would be liable. She is liable because her
disabilities are removed and no statutory exception for her
benefit is made. There is no statute under which she can as-
sert suretyship. She has by the legislature been taken out
of the class referred to in §7855, *supra.* If the facts stated
in her affidavit are true, she was not a surety. If she swore
falsely in order to get the loan, such act affords a very good
reason for declaring, as the legislature has done, and as the
courts must do, that the exception made by §7855, *supra,* is
not for her.

The judgment is reversed, and the cause remanded, with
instructions to restate the conclusions of law in accordance

herewith, and to enter a decree against Carrie G. Colt for the amount of said notes, and for the foreclosure of the mortgage securing the same.