## PABST BREWING COMPANY v. SCHUSTER ET AL.

[No. 8,105.   Filed January 15, 1914.]

1. HUSBAND AND WIFE.—*Mortgages.—Suretyship of Wife.—Estoppel to Deny Liability.*—The fact that a married woman, on executing a note and mortgage for a loan, made an affidavit stating that "said loan and the proceeds thereof" were "paid to her by check and draft payable to her order", that part of the money was to be used to pay off a mortgage on her real estate and that the balance was for her own separate use in the betterment of her own property, did not estop her under the provisions of §7856 Burns 1908, Acts 1903 p. 394, relating to loans to married women, from proving that part of the money was not received by her, but was paid by the lender to the holder of a prior mortgage on the same property to secure a loan to her husband, and in view of uncontradicted evidence sustaining that proposition, she was entitled to the protection afforded by §7855 Burns 1908, §5119 R. S. 1881, declaring that contracts of suretyship by a married woman are void as to her. *(Ludlow* v. *Colt* [1908], 41 Ind. App. 138, distinguished.)   pp. 379, 380.

2. STATUTES.—*Construction.*—A clear and unambiguous statute must be held to mean what it plainly says. p. 379.

3. ACTIONS.—*Statutory Remedies.*—In order to obtain the protection and benefit of a statute, one must bring himself clearly within its provisions. p. 380.

4. ESTOPPEL.—*Elements.*—One relying upon the act or declaration of another as an estoppel must show that he acted upon the same and was influenced thereby in a way that would result in injury if the other person is permitted to gainsay or deny the truth of what he did, and it is essential to estoppel that the person relying thereon must have been misled or deceived by such act or declaration. p. 381.

5. HUSBAND AND WIFE.—*Mortgages.*—*Suretyship of Wife.*—*Estoppel to Deny Liability.*—While a married woman is subject to estoppel *in pais,* some element of fraud must enter into her conduct so that the estoppel shall be predicated upon tort, and not upon contract; hence where a married woman, on executing a note and mortgage, made an affidavit disclosing that a part of the money obtained was to discharge a prior mortgage but not indicating whose debt the prior mortgage was given to secure, and the lender itself paid to the holder the amount due on such prior mortgage, there was, notwithstanding a further recital in the affidavit that the money was paid to her "by check and draft payable to her order", no fraud, misrepresentation or concealment affecting the lender's action so as to work an estoppel *in pais* preventing her from denying liability on the ground that she did not receive the money, but that it was applied to the discharge of her husband's debt. pp. 381, 383.

6. HUSBAND AND WIFE.—*Mortgages.*—*Suretyship of Wife.*—*Admission of Evidence.*—In an action on the note of a married woman and to foreclose a mortgage securing same, where a part of the proceeds of the note went to the payment of a prior mortgage, evidence was admissible to show that such prior mortgage was given to secure an advance of money to her husband to purchase goods, and that plaintiff knew that she never received any benefit therefrom. p. 383.

From Lake Superior Court; *C. B. Tinkham,* Special Judge.

Action by the Pabst Brewing Company against Anna Schuster and others. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Bomberger, Sawyer & Curtis,* for appellant.

*Hembroff & Glazebrook* and *John H. Gillett,* for appellees.

HOTTEL, J.—Appellant sought by this action to recover on a certain promissory note for $1,000 executed to it by the appellees, Annie and George Schuster and to foreclose a mortgage executed by the same parties to secure their note.

The errors relied on in this court require us to indicate the issues of fact alone. They were tendered by the following pleadings, the substance of which we indicate so far as necessary to an understanding of the questions presented by the appeal, viz., A complaint in ordinary form of foreclosure, except that it alleges that appellee Annie Schuster was the owner of the real estate mortgaged and that the money was loaned to her and used for the improvement of the real estate; answers of general denial by the appellees, and a second paragraph of affirmative answer by appellee Annie Schuster setting up that she was a married woman and the sole owner of the property mentioned in plaintiff's complaint, that she executed the note and mortgage as surety for her coappellee who was her husband, and that he received the entire consideration therefor; a reply to such special answer setting out that at the time the note and mortgage were executed, appellee Annie Schuster also executed an affidavit to the effect that said loan was to be used for her own separate use as provided by §7856 Burns 1908, Acts 1903 p. 394. The cause was submitted to the court for trial, resulting in a general finding and judgment in favor of appellant, that there was then due on the note and mortgage in question the sum of $695 plus $103.70 interest and $49.75 attorney's fees and that said mortgage be foreclosed, etc.

Appellant filed a motion for a new trial which motion was overruled. This ruling is assigned as error and relied on for reversal. It will be observed that, by its judgment, the trial court reduced the principal of the note sued on to $695. This was due to the fact, as conceded by appellant in its brief, that $305 of the amount represented by the principal of the note in suit "was paid not directly to appellee Annie Schuster but at her direction to the holder of a prior mortgage on the same property as that covered by the mortgage in the case at bar". The first three grounds of appellant's motion for new trial are: (1) the court

erred in assessing the amount of plaintiff's recovery herein, said assessment being too small, said action being upon contract; (2) the decision of the court is not sustained by sufficient evidence; (3) the decision of the court is contrary to law. The other grounds for new trial relate to the admission of evidence. Practically the same question is presented in different form by the grounds of the motion indicated, and as affecting such question the following statutory provisions are important: ''All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided.'' §7851 Burns 1908, §5115 R. S. 1881. ''A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void.'' §7855 Burns 1908, §5119 R. S. 1881. ''That any married woman who shall hereafter execute her promissory note, * * * and deliver the same to any person, firm or corporation for the purpose of securing a loan, and such * * * corporation shall make such loan and *shall pay the proceeds thereof to such married woman in cash, or by check or draft drawn payable to her order,* and such married woman shall state under oath in writing the purpose for which such borrowed money is to be used, and if such affidavit shall show the same to be for her own separate use or the betterment of her property, * * * *she shall not be permitted thereafter to claim that such loan was made for the use or benefit of any person other than herself.''* (Our italics.) ˙ §7856 Burns 1908, Acts 1903 p. 394.

That part of the affidavit made by appellee Annie Schuster, under the section of statute last quoted, important as affecting the question involved is as follows: ''And she further says that said loan and the proceeds thereof was paid to her by check and draft payable to her order; * * * that the purposes of (for) which said borrowed money is to be used is to pay off a mortgage on said above described real estate drawn in favor of one Theodore Oehne calling

for $475 and interest and the balance of said money so borrowed from said Pabst Brewing Company is to be used for her own separate use in the betterment of her own property and is not to be used by her husband or any other person, nor for her said husband's or any other person's use or benefit, other than herself. * * * that she makes this affidavit for the purpose of obtaining said loan.'' The Theodore Oehne mentioned in this affidavit was shown by the evidence to have been at the time referred to, treasurer of the Seipp Brewing Company.

It is contended by appellant in effect that the appellee, Annie Schuster, by making said affidavit withdrew herself from the protection of §7855, *supra,* which provides that her contracts of suretyship shall be void, and that she thereby precluded herself from afterwards setting up suretyship as a defense or from showing that the proceeds of the loan were not in fact paid to her ''in cash, or by check or draft drawn payable to her order.'' In support of this contention, appellant relies on the case of *Ludlow* v. *Colt* (1908), 41 Ind. App. 138, 83 N. E. 643. There was a special finding of facts in that case in which the trial court specially found, among the other facts necessary and essential to bring the case within the provisions of the statute, *supra,* that the amount of the loan $3,000 *''was paid by a check for $3,000 made on said day by appellant upon a bank named and payable to the order of Carrie G. Colt''.* (Our italics.) It follows that that case is easily distinguishable from the instant case. ''Where the language of a statute is clear and unambiguous it must be held to mean what it plainly expresses.'' *Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 125, 74 N. E. 892. See, also, 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §367. The language of the statute under consideration is clear and free from ambiguity. Said section provides in positive terms that the proceeds of the loan shall be paid to such married woman ''in cash or by

check or draft drawn payable to her order." *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110. It is not claimed in this case that said appellee received all the money represented by the principal of the note in suit, but, on the contrary, the uncontradicted evidence shows that $305 out of the proceeds of said loan was paid by check payable to the order of "Conrad Seipp Brewing Company, Theo. Oehne, treasurer," to secure a release of a mortgage against the property on which the loan in question was being made. In order to obtain the protection and

3. benefit of a statute, one must bring himself clearly within its terms and provisions. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 516, 86 N. E. 837, 131 Am. St. 267; *Town of Windfall City* v. *State* (1909), 172 Ind. 302, 306, 88 N. E. 505; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223, 79 N. E. 439; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 69 N. E. 669, 102 Am. St. 185; *Hamilton* v. *Jones* (1890), 125 Ind. 176, 178, 25 N. E. 192. It is manifest, therefore, that appellant is in no position to claim that said

1. appellee has estopped herself from asserting that the $305 of said loan paid to the Seipp Brewing Company was never received by her. It will be observed that appellee Annie Schuster in her said affidavit states that "said loan and the proceeds thereof was paid to her by check and draft payable to her order" and appellant contends that said appellee is bound by this statement, and under the statute in question she cannot be heard to say to the contrary. The statute in question makes no provision for such a statement. On the contrary, the purpose of the statute contemplates and it provides by its express terms for a statement which is supposed to induce the loan and not a statement after the loan as to the manner of the payment of the money. The lender always has it within his power to protect himself in this respect, and in the payment of the loan may always bring himself within the

letter of the statute. The statute provides that such affidavit shall state "the purpose for which such borrowed money is to be used and if * * * for her own use or the betterment of her property or separate business she shall not be permitted thereafter *to claim that such loan was made for the use or benefit of any person other than herself.*" This provision is so clear and certain that it would seem to need no interpretation or construction placed on it. The words italicized indicate no attempt to prohibit or preclude such married woman from denying that she got the money on the loan which her affidavit was intended to procure, and to give to the statute such a meaning would be neither within its letter nor spirit.

Having disposed of the question so far as the statute is concerned, we next consider the contention of appellant that appellee Annie Schuster is precluded by an estoppel 4. *in pais,* from denying liability on the note and mortgage. One who insists upon the acts of another as working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if that other is permitted to gainsay or deny the truth of what he did. That no man can set up another's act or declaration as the ground of an estoppel, unless he has himself been misled or deceived by such act or declaration is fundamental. *Indianapolis Brewing Co.* v. *Behnke* (1908), 41 Ind. App. 288, 292, 81 N. E. 119; *Wright* v. *Fox* (1914), 56 Ind. App. —, 103 N. E. 442. It is contended by appellant that surety- 5. ship contracts of married women are voidable, and not void; that having failed to set up that defense as to the Seipp contract and mortgage, the payment by appellant at her direction of an amount to satisfy that obligation was supported by sufficient consideration, to wit, the release of a claim against her property, which she, by her failure to set up the defense of suretyship against it, had made valid, citing *Field* v. *Campbell* (1903), 67 N. E.

1040.   This case was taken over by the Supreme Court. See *Field* v. *Campbell* (1905), 164 Ind. 389, 72 N. E. 260, 108 Am. St. 301.   In the latter case at page 401, the Supreme Court says: ''While it is true that in some of our cases it has been stated that the suretyship obligation of a married woman is only voidable, yet such language has been used in pointing out the fact that under the terms of the statute the defense is of a personal nature.   If the undertaking was of a character which the statute prohibited, it would not have such a status that her mere subsequent election to waive the defense could operate as a confirmation.   See, *Voreis* v. *Nussbaum* (1892), 131 Ind. 267, [31 N. E. 70] 16 L. R. A. 45.   It strikes us that to adopt the argument of counsel would be to attach importance to the shadow, rather than to the substance, which is the legislative enactment.   Moreover, to hold that a married woman might execute a mortgage upon her property, purporting to render her liable as a guarantor to pay a debt previously incurred by another, and that she might then legally charge her estate by borrowing money to relieve her property of the mortgage, would be judicially to declare the open sesame which would swing wide the door to the nullification of the statute.''   In *Cupp* v. *Campbell* (1885), 103 Ind. 213, 220, 2 N. E. 565, the court says: ''While it is true that a married woman is now subject to an estoppel *in pais,* like any other person, she is not to· be estopped in any manner different from any other person.   Some element of fraud, misrepresentation or concealment must enter into her conduct, so that the estoppel shall be predicated upon tort, and not upon contract.   A married woman has no more right to injure or mislead others by her conduct or representations than if she were *sui juris,* and where it is made to appear that by fraud, misrepresentation or concealment, she has led one into contracting with her as principal, she will not be permitted *to gainsay such representations as may have induced another to act who in good faith*

*relied on them."* (Our italics.) In the instant case, appellee's affidavit shows that a part of the money was to discharge a prior mortgage. Appellant itself knowingly used a part of the money loaned for such purpose. There is nothing in the affidavit indicating whose debt the prior mortgage was given to secure and Mrs. Schuster's statement therein that the proceeds were paid to her "by check and draft payable to her order" could not have induced the loan in the first instance, because such statement related to the payment, after the loan was induced and appellant knew as well as she did to whom such payment was made. Hence there is nothing to indicate any fraud, misrepresentation or concealment on which appellant acted.

There is evidence tending to show that the prior mortgage was given to secure an advance of money to her husband to purchase a stock of goods for use in his business and that she never received any part of the money, nor was her estate benefited in any way by it, and that appellant knew of this. Such evidence was properly received. *Fitzpatrick* v. *Papa* (1883), 89 Ind. 17, 20, 21; *Field* v. *Campbell, supra,* 393, 396, 400, 403. Appellant clearly had knowledge that the $305 was not paid to Mrs. Schuster or to the benefit of her estate except to discharge the lien of the Seipp Brewing Company mortgage and appellee testified in effect that she did not authorize or direct such payment. Under such circumstances, we cannot say that appellant was misled by any statement made by appellee Annie Schuster, nor was she precluded from showing that she did not receive that part of the consideration for said loan represented by the check made payable to the order of the Seipp Brewing Company and that she did not authorize or direct such payment. *Davis* v. *Neighbors* (1905), 34 Ind. App. 441, 448, 449, 73 N. E. 151; *Field* v. *Campbell, supra.*

This conclusion disposes of the objections made to the evidence introduced affecting such question. The questions

presented by other objections to the evidence are rendered moot by the finding and judgment in appellant's favor and hence need not be considered.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 950. As to estoppel by conduct in general, see 38 Am. Dec. 631; 10 Am. St. 22. As to estoppel of married women, 28 Am. Rep. 374; 57 Am. St. 169. As to the suretyship of a wife under a mortgage of her separate property for her husband's debt, see 5 Ann. Cas. 643; Ann. Cas. 1912 D 108. See, also, under (1) 21 Cyc. 1462, 1487; (2) 36 Cyc. 1114; (3) 31 Cyc. 115; (4) 16 Cyc. 734, 744; (5) 21 Cyc. 1345, 1348; (6) 21 Cyc. 1570.