THE STANDARD BREWERY v. LACANSKI ET AL.

[No. 8,799. Filed January 14, 1916.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—Error, if any, in the over-ruling of a motion for a new trial is waived as to one of the defendants in whose favor the judgment was rendered, where appellant's brief, under "points and authorities" presents no question as to the decision of the trial court in favor of such defendant. p. 500.

2. ESTOPPEL.—*Estoppel in Pais.*—*Pleading.*—Where a party relies upon estoppel *in pais* to avoid a defense set up in the special answer, he must plead it. p. 501.

3. APPEAL.—*Review.*—*Evidence.*—*Conclusiveness of Decision.*—Where the evidence relied on by plaintiff as constituting an estoppel *in pais* against one of the defendants was conflicting, the decision of the trial court thereon was conclusive. p. 502.

4. HUSBAND AND WIFE.—*Contracts.*—*Suretyship of Wife.*—The test of the relationship sustained by a married woman who has joined her husband in the execution of a note is to inquire whether she received in person or in benefit to her property the consideration for which the note was executed. p. 503.

5. HUSBAND AND WIFE.—*Bills and Notes.*—*Suretyship of Wife.*—*Evidence.*—*Presumptions.*—In an action against a husband and wife on promissory notes, defended by the wife on the ground of suretyship, evidence, though conflicting, showing that she received none of the consideration for which the notes were given, that the loan was negotiated by the husband and that she knew nothing of it until called on to sign the notes, was sufficient to overcome the presumption arising from the face of the notes that they were the joint obligations of defendants, and rendered conclusive the finding that she was surety for her husband. p. 503.

From Lake Superior Court; *Lawrence Becker*, Judge.

Action by The Standard Brewery against Vasa Lacanski and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Fred Barnett* and *Lyle McKinney*, for appellant.
*McMahon & Conroy*, for appellees.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in a suit brought by appellant to recover the amount due on three promissory notes executed by appellees who are husband and wife.

The complaint is in one paragraph and is based on the notes, a copy of each of which is filed with and made part thereof. Each note is for $200, bears date May 19, 1910, purports to be the joint obligation of the makers, is payable to "The Standard Brewery of Chicago, Ill., at The Indiana Harbor State Bank * * * with interest at the rate of 6% per annum after date until paid with attorneys fees," etc., and each note is in substantially, if not exactly the same words, except that they are payable in one, two and three years from date respectively. Appellee Vasa Lacanski, hereinafter referred to as husband, filed an answer of adjudication and discharge in bankruptcy, and his wife, Anna Lacanski, filed an answer of suretyship. To each of said answers appellant filed a general denial. Upon the issues thus formed there was a trial by the court and finding and judgment against appellant and in favor of appellees. Appellant filed a motion for new trial based on two grounds, viz., that the finding of the court is not sustained by sufficient evidence and is contrary to law. This motion was overruled and such ruling is assigned as error and relied on for reversal.

Appellant in its brief, under "points and authorities," presents no question as to the decision of the trial court in favor of the husband, and hence, 1. any error in the ruling on the motion with respect to him is waived. Such points and authorities are directed to the correctness of the decision of the trial court with respect to the wife's defense of suretyship. Against the sufficiency of the evidence it is contended, (1) that "the mere fact that the defendants attempted to deny that they received any benefit from the money is no defense to Anna Lacanski"; (2) that "if it is shown that they made the representations to the appellant in order

to get the money, that is sufficient"; and (3) that it "was not compelled to see to the application of this money" and "if appellant loaned the money to appellees on the strength of their joint promises and assurance that it was to be used for repairing and improving the property, this was sufficient to bind the wife." In support of its second ground for new trial appellant relies on three propositions, viz., (1) "The determination of the question whether a married woman is principal or surety in an obligation to which her husband is a party is to be solved by inquiring whether she received in person or by benefit to her property the consideration for which the obligation was executed." (2) Where the makers of a joint note, for the purpose of securing the loan for which such joint note was given, represented to the lender that they desired to borrow the money for the purpose of improving and repairing property held by them by entireties, the joint obligation so given creates a presumption that the makers are joint principals, and equally responsible and liable on such joint obligation, and that in the face of this presumption there should be satisfactory proof to show that the wife is surety only. (3) It is not strictly correct to say that an appellate court will not reverse a judgment when the evidence tends to support the verdict, for there must be legal evidence sufficient to prove every material issue, in order that the judgment will be upheld.

Appellant's contentions, *supra*, with respect to the sufficiency of the evidence and its argument in support thereof would indicate that it was 2. not relying on the insufficiency of the evidence to sustain the answer of suretyship but rather upon the affirmative proof that appellees, at the time the money was loaned, represented that it was to be used for repairing and improving prop-

erty held by them by entirety, or in other words, appellant is relying on the doctrine of estoppel *in pais* to avoid the defense set up in the wife's separate answer. We have before indicated that the only pleadings filed by appellant were a complaint and reply in general denial. There was no reply of estoppel to the wife's answer of suretyship. While there is authority, especially in other jurisdictions to the effect that an estoppel *in pais* though not specially pleaded may be invoked upon the evidence, particularly where it is a mere incident of, and necessarily involved in, the cause of action or defense set up (8 Standard Ency. Proc. 682, 685; *Garlinghouse* v. *Whitwell* [1868], 51 Barb. [N. Y.] 208), it seems to be settled, at least by the later decisions of both courts of appeal in this State, that the party seeking to obtain the benefit of such defense in a case like the one here involved must plead it. *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616, 69 N. E. 1006; *Smith* v. *McDonald* (1912), 49 Ind. App. 464, 468, 97 N. E. 556, and cases cited.

However, assuming without deciding, that the evidence affecting such defense was admitted without objection by appellees, either to its competency or as to the purposes for which it might be received and considered, and that for such reason appellees have waived their right to now object to its consideration for the purpose indicated, we have examined the evidence and find that, even if sufficient in other respects to constitute an estoppel *in pais*, a thing we need not and do not decide, it is conflicting as to whether any representations were in fact made by the wife which will fully appear from the evidence hereinafter set out. It follows that upon such question the decision of the trial court is conclusive upon this court.

With respect to appellant's propositions, *supra*, in support of the second ground of its motion for a new trial it has been frequently declared that 4. the "test of the relationship sustained by a married woman to such obligations is to inquire whether she received in person or in benefit to her property the consideration for which the obligations are executed." *Leschen* v. *Guy* (1897), 149 Ind. 17, 48 N. E. 344, and cases cited.

Any presumption or *prima facie* case arising from the fact that the notes in suit were the joint obligations of both makers was overcome by the 5. other evidence in the case. The wife testified among other things that she never asked appellant for a loan, and never talked to any of its agents in regard to a loan; that she signed the notes at the request of her husband "for security as money for the saloon"; that she did not get any of the money, "not one cent"; that none of it was used in the repair of their property. It is also shown by the evidence that the loan was paid by check which contained on its face the word "loan" and was made payable to the husband; that he indorsed such check and obtained the money on it; that the husband had gone to appellant's office several times to obtain the loan and it was refused him unless he would get his wife to sign the note with him. The most that can be said in favor of appellant's contention is, that upon the question of the representations made by the wife to induce the loan and the question of whether she was in fact principal or surety on the notes given therefor, the evidence is conflicting. It follows that the decision of the trial court can not be disturbed upon either of the grounds for new trial here urged.

As affecting the questions considered and tending to support our conclusion see, §7855 Burns 1914, §5119 R. S. 1881; *Union Nat. Bank* v. *Finley* (1913),

180 Ind. 470, 103 N. E. 110; *Wright* v. *Fox* (1914), 56 Ind. App. 315, 103 N. E. 442; *Voreis* v. *Nussbaum* (1892), 131 Ind. 267, 31 N. E. 70, 16 L. R. A. 45; *Crisman* v. *Leonard* (1890), 126 Ind. 202, 25 N. E. 1101; *Nixon* v. *Whitely, etc., Co.* (1889), 120 Ind. 360, 22 N. E. 411; *Cupp* v. *Campbell* (1885), 103 Ind. 213, 2 N. E. 565; *Vogel* v. *Leichner* (1885), 102 Ind. 55, 1 N. E. 554; *McCoy* v. *Barns* (1894), 136 Ind. 378, 381, 36 N. E. 134; *Harbaugh* v. *Tanner* (1904), 163 Ind. 574, 579, 71 N. E. 145; *Field* v. *Campbell* (1905), 164 Ind. 389, 393, 72 N. E. 260, 108 Am. St. 301; *Pabst Brewing Co.* v. *Schuster* (1914), 55 Ind. App. 375, 103 N. E. 950. Judgment affirmed.

NOTE.—Reported in 111 N. E. 80. See, also, under (1) 3 C. J. 1409; 2 Cyc 1013; (2) 16 Cyc 810; (3) 3 Cyc 360; (4) 21 Cyc 1465; 5) 21 Cyc 1567, 1571.