LEEKA v. MUNCIE SAVINGS AND LOAN COMPANY ET AL.

[No. 10,052.    Filed November 6, 1919.]

1. EQUITY.—*Principles.*—*Disregarding Form For Substance.*— Equity will disregard mere forms, and will not permit a substantial right to be defeated by the interposition of merely nominal or technical distinctions.    p. 324.

2. HUSBAND AND WIFE.—*Entirety, Estate By.*—*Purchase-Money Mortgage During Coverture.*—*Divorce.*—*Suretyship.*—A divorced wife cannot successfully plead suretyship under §7855 Burns 1914, §5119 R. S. 1881, in an action on a bond and mortgage executed by herself and husband during coverture to obtain money to pay and used to ·pay a note given by the husband alone for money used to pay in part for the land involved, the title to which had been taken in the husband and wife, although the wife had contributed nothing to the payment of the price thereof. p. 325.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by the Muncie Savings and Loan Company against Irene Leeka and Curtis Leeka. From a judg-

ment for plaintiff, the defendant Irene Leeka appeals. *Affirmed.*

*Orr & Clark,* for appellant.

*Leffler, Ball & Needham* and *Silverburg, Bracken & Gray,* for appellee.

NICHOLS, P. J.—This was an action in the Delaware Superior Court by appellee the Muncie Savings and Loan Company against appellant, Irene Leeka, and appellee Curtis Leeka.

The appellee loan company, by its complaint, seeks to recover a judgment upon a bond executed by appellant and appellee Leeka to appellee loan company, and for the foreclosure of a mortgage to secure said bond, the said mortgage being executed by appellant and appellee Leeka upon certain real estate owned by them as tenants by entireties. The complaint is in one paragraph. Appellant filed an answer in two paragraphs, the first being a general denial and the second tendering the issue of suretyship by her. She also filed a cross-complaint tendering the issue of suretyship and alleging the divorce of herself and appellee Leeka subsequent to the execution of the bond and mortgage, and asking that the interest of appellee Leeka in the mortgaged property be first exhausted before subjecting her interest to sale. Appellee Leeka, after demurrer was overruled, answered the cross-complaint by general denial. Appellee loan company filed its reply in three paragraphs to appellant's affirmative paragraph of answer, the first paragraph of the reply being a denial, the second, a plea of estoppel, and the third averring appellant's liability by virtue of an affidavit made by her that the consideration for the bond or note was to be used for

the betterment of the joint estate of herself and her husband, said appellee Leeka.

Appellant filed her demurrer to appellee loan company's second paragraph of reply, also her demurrer to the third paragraph of appellee loan company's reply, her demurrer to the second paragraph of appellee loan company's answer to her cross-complaint, and her demurrer to the third paragraph of appellee loan company's answer to the cross-complaint, each of which demurrers was overruled, and each of these rulings is assigned as error. Appellant requested special findings of fact, which were duly rendered by the court with conclusions of law in favor of appellees, to which conclusions appellant duly excepted at the time, and has assigned as error each of the conclusions of law.

The questions presented on the demurrers aforesaid are presented by the court's special findings of fact and the conclusions of law thereon, which special findings, in substance, are as follows: On October 26, 1905, and for many years prior thereto, appellee Leeka and appellant were husband and wife, and so continued until they were divorced on December 7, 1914. On October 4, 1905, the real estate mentioned and described in the complaint was purchased, and on October 11, 1905, was conveyed by warranty deed to the said Leekas as tenants by entireties. The purchase price therefor was $2,300, all of which was paid in full to the grantors on said October 11, 1905, and all of which was paid and furnished by appellee Leeka, and appellant paid no part thereof out of her own separate fund or property. On October 4, 1905, appellee Leeka borrowed $1,000 from his brother, Christian Leeka, and gave and executed therefor his

note for said sum to his said brother, which note was signed by himself only. The money so obtained by said appellee Leeka from his brother was used in part payment of the purchase price for said real estate, and the same was borrowed from the brother by appellee Leeka for that purpose, which was for the joint benefit of both appellee Leeka and appellant. On October 26, 1905, appellee Leeka and appellant executed to appellee loan company their certain bond and obligation in the sum of $1,000, which bond and obligation was signed and executed by said appellee Leeka and appellant and, to secure the payment of the same, appellee Leeka and appellant executed their certain mortgage on the real estate, which bond and mortgage are the basis of this action. Prior to the execution by appellee Leeka and appellant of said bond and mortgage, appellee loan company inquired of appellee Leeka the purpose for which the money to be obtained by means of said mortgage was to be used, and was informed by said appellee Leeka that said money was being borrowed, and would be used, for the purpose of paying part of the purchase price for the real estate so purchased as aforesaid. On October 26, 1905, and prior to the payment to them of the money by appellee loan company, appellee Leeka and appellant made under oath and delivered to appellee loan company their certain affidavit in relation to said loan in which, so far as concerns this litigation, it is stated that "the proceeds of said loan are to be used for the betterment of our joint estate and for no other purpose whatever." Appellee loan company made no inquiry of appellant, or any other person, regarding the purpose for which the money obtained by means of said bond and mortgage was

to be used, and appellant made no statements regarding the same other than the aforesaid statement contained in said affidavit. Appellee loan company had no information in reference thereto other than the statement of appellee Leeka and the statement contained in said affidavit. Appellee loan company believed the statement made to it by appellee Leeka regarding the purpose for which said money was to be used to be true, and relied upon said statement and said affidavit, and would not have made such loan had it believed or been informed that it was not to be used to pay part of the purchase price of said real estate. After the execution and delivery of said affidavit and of the bond and mortgage, appellee loan company delivered to appellee Leeka and appellant the said sum of $1,000 in the form of a check payable to the order of both appellee Leeka and appellant. Said check was afterward indorsed by said appellee Leeka and said appellant, and on November 4, 1905, appellee Leeka, with the knowledge of appellant, delivered said check of $1,000, so obtained from the appellee loan company, to his said brother in payment of the note of said appellee Leeka so executed by him to his said brother on October 4, 1905.

There was a default in payment upon said bond and mortgage, by reason of which this suit was brought, and at the date of judgment there was due $824.76.

Upon these facts the court stated its conclusions of law as follows: (1) That the cross-complainant, Irene Leeka, and Curtis L. Leeka are principals upon said bond and mortgage. (2) That the plaintiff is entitled to judgment against the defendants herein upon the bond sued upon in the sum of $824.76 and for

costs and a decree for the foreclosure of said mortgage and the sale of the property described therein. (3) That the cross-defendant, Curtis L. Leeka, is entitled to a judgment against cross-complainant on her cross-complaint for costs herein.

We do not deem it necessary to discuss the questions involved by appellant's affidavit furnished for the purpose of inducing the loan which was the consideration for the bond and mortgage in suit, as these questions have been fully discussed and determined against appellant's contention in the case of *Ludlow* v. *Colt* (1908), 41 Ind. App. 138, 83 N. E. 643. Nor do we deem it necessary, under the foregoing facts, to write an extended opinion.

Appellant's able counsel have marshalled these facts from their viewpoint substantially as follows: Appellant's husband purchased the real estate upon which the mortgage is sought to be foreclosed, and the deed conveying the same was made to the husband and wife as tenants by entireties. A week before the deed was delivered, the husband borrowed from his brother $1,000, giving his individual note therefor. There was no further contract or agreement between the husband and his brother in relation to the loan. Appellant did not sign the note evidencing the indebtedness. Appellant says it was a clear, clean, separate transaction between the husband and his brother with no claim whatever against the appellant for the payment of the loan. A week after the transaction, the husband paid the purchase price for the property to which title was taken by entireties, using the money borrowed from his brother, with other money, for that purpose. Two weeks later, appellant says the property was owned by herself and

her husband by entireties, free from any lien or incumbrance and with no liability upon her for the payment of the note executed by her husband to his brother. At that time the bond and mortgage were executed to appellee loan company, and the money obtained was used by the husband to pay his note to his brother.

On these facts appellant contends that she was only a surety upon the bond and mortgage executed to appellee loan company. As appellant says, the first and main question to be determined in considering the conclusions of law upon the findings of fact is whether or not the appellant was a surety upon the bond and mortgage sued on.

Appellant's statement of facts may be substantially correct, as far as it goes, but we cannot agree with her conclusion. From the findings of fact, as rendered by the court, it appears that appellee Leeka paid the purchase price for the real estate, and that appellant did not pay any part thereof; that the title was taken to husband and wife by entireties without any consideration whatever being paid by appellant. For the purpose of paying the purchase price which appellee Leeka paid, it was necessary for him to borrow $1,000, which he did borrow from his brother, and which money so borrowed was used in the purchase of the real estate so conveyed to the husband and wife by entireties.

It has been repeatedly held that where a husband purchases land and executes his own note for the purchase price, which note remains unpaid,
1. and causes the land to be conveyed to his wife, who pays no consideration therefor, the vendor may establish a lien against the land, the wife being

a mere volunteer. *Simmons* v. *Parker* (1916), 61 Ind. App. 403, 112 N. E. 31; and, further, that the technical relation of vendor and vendee is not necessary to the creation of a lien in favor of one party against the land of another (*Barrett* v. *Lewis* [1886], 106 Ind. 120, 5 N. E. 910); but it is not necessary that we determine in this case whether a lien was created in favor of appellee Leeka's brother, or whether such appellee Leeka was subrogated thereto, or whether the money borrowed of appellee loan company was for the purpose of discharging such lien, if any, against the real estate. We cite the authorities above for the purpose of illustrating the general principle that equity will disregard mere forms, and will not permit a substantial right to be defeated by the interposition of merely nominal or technical distinctions. *McCoy* v. *Barns* (1894), 136 Ind. 378, 36 N. E. 134. Long before Blackstone it was written, "Not the letter, but the spirit, for the letter killeth, but the spirit giveth life," and this principle has from time to time appeared in our equity jurisprudence, in various forms, one of which is as above written.

By her defense, and this appeal, appellant seeks to hold an interest in land in which she has nothing invested, at the expense of and against appellee Leeka, who paid the purchase price, and against the rights of appellee loan company, who furnished a part of the money with which the purchase price was paid. In this the conscience of a court of equity will not permit it to assist her, unless driven by some inexorable rule of law. Section 7855 Burns 1914, §5119 R. S. 1881, relied upon by appellant, was intended to protect wives against surety debts, but not to enable them to acquire prop-

erty at the expense of others. *McCoy* v. *Barns, supra.*

The rulings of the court upon the demurrers to the pleadings were not erroneous, and, even if they were so, they were rendered harmless by the court's correct conclusions of law.

The judgment is affirmed.